**CLARK HILL PLC**
PAOLA M. ARMENI
Nevada Bar No. 8357
Email: parmeni@clarkhill.com
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 862-8300
Facsímile: (702)862-8400
Attorney for Defendant, NICHOLAS GARROTT

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>NICHOLAS GARROTT,<br><br>          Defendant. | CASE NO. 2:18-cr-00252-JCM-VCF-2 |

**STIPULATION AND ORDER TO CONTINUE SENTENCING (FOURTH REQUEST)**

**IT IS HEREBY STIPULATED** by and between Nicholas Garrott, Defendant, by and through his counsel, Paola M. Armeni, Esq., of the law firm of Clark Hill PLC and the Plaintiff, United States of America, by and through Nicholas Trutanich, United States Attorney, and Shaheen Torgoley, Assistant United States Attorney, that the Sentencing in the above-captioned matter, currently scheduled for December 18, 2020, at the hour of 11:00 a.m. be vacated and set to a date and time convenient to the Court but not earlier than ninety (90) days.

This Stipulation is entered into for the following reasons:

1. The parties need additional time to negotiate positions regarding sentencing.
2. Pursuant to the COVID-19 updated from the BOP, on December 7, 2020, the BOP has **124,610** federal inmates in BOP-managed institutions and **13,952** in community-based facilities. The staff complement of BOP is approximately **36,000**. There are **5,555 federal inmates** and **1,613 BOP staff** who have confirmed positive test results

for COVID-19 nationwide. There have been **151** federal inmate deaths and **2** BOP staff member deaths attributed to COVID-19 disease.

3. Due to the current COVID-19 pandemic, Mr. Garrott seeks to protect his health and safety by limiting his movement in and out of the Southern Nevada Detention facility to decrease any risk of contracting the virus.

4. Additionally, Mr. Garrott has serious concerns regarding the pandemic and does not wish to be designated to a BOP facility (or transported to a BOP facility) which will occur upon sentencing until BOP has made strides to handle the current pandemic crisis.

5. Defendants Mr. Nicholas Garrott, has appeared in this case, and is in custody and, along with the government, agrees to this short continuance.

6. The additional time requested herein is not sought for purposes of delay and the denial of this request for a continuance could result in a miscarriage of justice.

7. Federal Rule of Criminal Procedure 32(b)(2) permits this Court to continue a sentencing hearing for good cause. Good cause exists in this case.

8. For all the above-stated reasons, the ends of justice would be best served by a short continuance of the sentencing hearing.

9. This is the fourth request for a continuance of the sentencing hearing.

| | |
|---|---|
| NICHOLAS TRUTANICH<br>UNITED STATES ATTORNEY<br>DISTRICT OF NEVADA | CLARK HILL PLC |
| DATED this 8th day of December, 2020. | DATED this 7th day of December, 2020. |
| /s/Shaheen Torgoley<br>Shaheen Torgoley<br>Assistant United States Attorney<br>Attorneys for Plaintiff,<br>UNITED STATES OF AMERICA | /s/Paola M. Armeni<br>PAOLA M. ARMENI<br>Attorney for Defendant,<br>NICHOLAS GARROTT |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-cr-00252-JCM-VCF-2 |
| Plaintiff, | |
| vs. | |
| NICHOLAS GARROTT, | |
| Defendant. | |

**FINDINGS OF FACT, CONCLUSION OF LAW AND ORDER**

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court hereby finds that:

**CONCLUSIONS OF LAW**

Based on the fact that counsel has agreed to a continuance, the Court hereby concludes that:

1. The parties need additional time to negotiate positions regarding sentencing.

2. Pursuant to the COVID-19 updated from the BOP, on December 7, 2020, the BOP has **124,610** federal inmates in BOP-managed institutions and **13,952** in community-based facilities. The staff complement of BOP is approximately **36,000**. There are **5,555 federal inmates** and **1,613 BOP staff** who have confirmed positive test results for COVID-19 nationwide. There have been **151** federal inmate deaths and **2** BOP staff member deaths attributed to COVID-19 disease.

3. Due to the current COVID-19 pandemic, Mr. Garrott seeks to protect his health and safety by limiting his movement in and out of the Southern Nevada Detention facility to decrease any risk of contracting the virus.

4. Additionally, Mr. Garrott has serious concerns regarding the pandemic and does not wish to be designated to a BOP facility (or transported to a BOP facility) which will occur upon sentencing until BOP has made strides to handle the current pandemic crisis.

5. Defendants Mr. Nicholas Garrott, has appeared in this case, and is in custody and, along with the government, agrees to this short continuance.
6. The additional time requested herein is not sought for purposes of delay and the denial of this request for a continuance could result in a miscarriage of justice.
7. Federal Rule of Criminal Procedure 32(b)(2) permits this Court to continue a sentencing hearing for good cause.  Good cause exists in this case.
8. For all the above-stated reasons, the ends of justice would be best served by a short continuance of the sentencing hearing.
9. This is the fourth request for a continuance of the sentencing hearing.

### ORDER

**IT IS HEREBY ORDERED** that the sentencing hearing in this matter scheduled for December 18, 2020, at the hour of 11:00 a.m. is hereby vacated and continued to the __26th__ day of _____March_____, 2021, at the hour of _____10:00_____ ____a_.m., in Courtroom 6A.

**DATED** December 9, 2020.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT COURT JUDGE
CASE NO.:  2:18-cr-00252-JCM-VCF-2